**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROHIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-72857<br><br>Agency No. A201-296-817<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2020[**]
San Francisco, California

BEFORE:   COLE,[***] GOULD, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable R. Guy Cole, Jr., Chief Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner Rohit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). Because the BIA adopted the IJ's decision and added its own reasoning, we review both decisions and ask whether substantial evidence supports the agency's factual determinations. *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011). We deny the petition for review.

Singh cannot succeed on his claims for asylum or withholding of removal based on past persecution without showing he was persecuted by the Indian government or by private actors that the government was unwilling or unable to control. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1061 n.6, 1062 (9th Cir. 2017) (en banc). Substantial evidence supports the agency's determination that Singh failed to make this showing.

Singh testified that he was twice brutally attacked by members of a political party known as the "Congress Party" due to his affiliation with a Sikh separatist political party. He reported the second attack to the police. The police told Singh that they would investigate the attack and made similar assurances when Singh followed up with them.

Singh argues that, despite the police's assurances, Indian authorities were unwilling or unable to protect him. In support, he points to the fact that his assailants were not caught. But our circuit has explained that failure to locate a culprit does not, on its own, indicate that police are unwilling or unable to protect someone. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam). And neither Singh nor his family members in India have followed up with the Indian police since 2011 to learn whether they have made progress in their investigation. Singh argues that the IJ and BIA should have relied on his speculative testimony that the police were "in cahoots" with the Congress Party, but this speculation was without sufficient support in the record. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Singh also did not show that mistreatment of Sikhs in general, or members of his Sikh separatist party in particular, was widespread and uncontrolled. *Cf. Andriasian v. I.N.S.*, 180 F.3d 1033, 1037, 1042–43 (9th Cir. 1999) (explaining that evidence of "the widespread nature of the persecution of ethnic Armenians . . . combined with the police officer's response" that the petitioner should leave the country established that the government was unwilling or unable to control the threatening forces). The record contains articles describing efforts by the Indian police to curb violent incidents between the Congress Party and the separatist party to which Singh belonged.

3

Singh asks that we look to portions of State Department country reports that discuss generalized corruption in the country. But these general statements, when considered in tandem with Singh's other arguments and the record as a whole, do not compel the conclusion that the police were unwilling or unable to protect him. *See Avetova-Elisseva v. I.N.S.*, 213 F.3d 1192, 1196 (9th Cir. 2000) (describing that under the substantial evidence standard, a petitioner "must establish that the evidence not only *supports* [a] conclusion" contrary to the BIA's determination, "but *compels* it") (internal citation omitted); *see also Nagoulko v. I.N.S.*, 333 F.3d 1012, 1018 (9th Cir. 2003) ("This case like many others turns on the standard of review."). Because Singh has not shown that the agency's determination lacks substantial evidence in the record, we cannot grant Singh relief on his asylum or withholding of removal claims.

Because Singh's briefing does not raise any challenge to the BIA's determination of his CAT claim, he has waived any arguments regarding that claim. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**

4